

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00425-CV

Omar **ELIZONDO**, et al.,
Appellants

v.

**HILCORP ENERGY COMPANY**, Eva Linda Parades,
and Law Offices of Donato Ramos PLLC,
Appellees

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 12,620
Honorable Walden Shelton, Judge Presiding

PER CURIAM

Sitting:      Lori Massey Brissette, Justice
             Adrian A. Spears II, Justice
             H. Todd McCray, Justice

Delivered and Filed: September 24, 2025

DISMISSED FOR LACK OF JURISDICTION

On June 13, 2025, pro se appellants filed a notice of appeal attempting to appeal the trial court's denial of their motion for default judgment. On June 26, 2025, appellants filed an amended notice of appeal providing that they had still not received "official notice of the Judge's final judgment."

Appellants therefore appear to seek an interlocutory appeal of an order denying their motion for default judgment. An order denying a motion for default judgment is not subject to an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1)–(17); *S. Pioneer Prop. & Cas. Ins. Co. v. Wilson*, No. 01-17-00444-CV, 2018 WL 3384558, at *3 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op.) ("The denial of a motion for default judgment . . . is appealable after a final judgment or order[.]").

Because we do not appear to have jurisdiction, we ordered appellants to show cause no later than September 19, 2025 why this appeal should not be dismissed for lack of jurisdiction. We admonished appellants that if a supplemental clerk's record was required to show they had the right to appeal, appellants were required to request a supplemental record from the trial court clerk and file a copy of the request with this court. We further admonished appellants that a failure to satisfactorily respond to this order within the time provided would result in the dismissal of this appeal. Appellants did not respond to our order.

Accordingly, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c).[1]

PER CURIAM

---

[1] All of appellants' multiple pending motions are denied as moot.